JOHN A. ROBINSON AND GRAHAM ROBINSON as EXECUTORS, ETC., OF JOHN ROBINSON, DECEASED, PLAINTIFFS, v. THE PACIFIC FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, DEFENDANTS.

*Policy of insurance — waiver of a condition by the company — failure to pay a premium — when an action will not be defeated thereby.*

May 21, 1873, the defendant issued a policy of insurance to one John Robinson upon a building owned by him. In July, 1874, Robinson died leaving a will disposing of all his property. Thereafter the policy was continued by annual renewals issued in his name, until the property was burned.

*Held,* that the act of the company in renewing the policy in the name of the insured, with knowledge of his death, was a waiver of a condition therein, avoiding it in case of any transfer of the interest of the insured without the written consent of the company.

An action upon a policy of insurance will not be defeated by the fact that the premium was unpaid at the time of the fire, if the acts of the company prior thereto show an intention on its part to treat it as valid and to enforce payment of the overdue premium.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

*W. H. Onderdonk,* for the plaintiffs.

*A. R. Dyett,* for the defendants.

DYKMAN, J.:

This is an action upon a policy of fire insurance, issued to John Robinson, the owner of the property, on the 21st day of May, 1873. The assured died in July, 1874, leaving a will by which he disposed of all of his property, and after that the policy was continued in force by annual renewals in his name. The last renewal continued the policy to May 21, 1878, and at the time it was made the defendant had notice of the death of the assured, and that the plaintiffs were his executors. The premium on the last renewal had not been paid at the time of the fire, which occurred in February, 1878. All the other renewals had been paid. When

the policy was issued the premises insured were unoccupied, and after that time they were used for the manufacture of cane seats for chairs. While they were so used for in 1877, a bill was sent to the plaintiffs by the defendant for the last premium, with a letter stating that the premises were occupied as such manufactory, requesting them to see to the matter at their earliest convenience, and have the proper privilege indorsed on the policy and pay the premium. Another bill was sent to them bearing date December 17, 1878. Mr. Quackenboss had the bill handed to him by the secretary for collection in the fall of 1877, and he requested payment from one of the plaintiffs, and received his promise that he would give it attention, and the secretary called twice on him to see if the premiums had been paid.

A recovery was resisted by the defendant, on the ground that upon the death of the original insured the title of the property passed from him to others, and the plaintiff had no insurable interest. Second. Because the premium was not paid within the time specified in the policy; and, third. Because the building was occupied as a factory without notice to the company.

It is not necessary to a recovery by the plaintiff, to hold that this policy in question always continued in life. On the contrary, it may be assumed that its vitality ceased with the death of the assured, and the departure of the title from him. Such death, however, was not beyond the power of resurrection by the consent of the parties. It resulted from no vice or illegality, and only from a condition in the contract itself, which it was entirely competent for the parties to waive. If, therefore, with full knowledge of all the facts, the defendant renewed the contract with the plaintiffs the policy was thereby revived and restored, with all the virtue and validity it possessed in its original inception.

That was an act showing a full recognition of liability under the policy as an outstanding obligation, and amounted to a complete waiver. The jury must be held to have so found upon the facts, and the findings are fully justified by the testimony.

The testimony is also full and complete to show a waiver of the condition in the policy, respecting the payment of the premium and the occupancy of the premises.

Down almost to the time of the destruction of the property by

fire the defendant was making vigorous attempts to collect the premium on the last renewal, and showed no sign of an intention to take advantage of the conditions in the policy which made it void, but one quite to the contrary of continuing the policy, and collecting the consideration for so doing.

The authorities in our State are quite numerous and decisive that a forfeiture may be waived and a policy revived by any act, from which the consent of the underwriters may be fairly inferred, and they have all been so frequently and thoroughly examined and approved that no further reference to them here is considered necessary.   All the controverted questions of fact were fairly submitted to the jury, and the plaintiffs should have judgment upon the verdict, with costs.

Present — BARNARD, P. J., and DYKMAN, J.; GILBERT, J., not sitting.

Exceptions overruled, and judgment for the plaintiff ordered on the verdict.